BARNETT AND ELIZA LEVY, PLAINTIFFS IN ERROR, *v.* EDMUND AND DAVID FITZPATRICK, DEFENDANTS IN ERROR.

The mortgagees, in Louisiana, filed, in the Circuit Court, their petition, stating the non-payment of the debt due on their mortgage, and that, by the laws of Louisiana, the mortgage imports a confession of judgment, and entitles them to executory process, which they prayed for. Without any process requiring the appearance of the mortgagors, one of whom resided out of the state, the judge ordered the executory process to issue. Two of the defendants, who were residents in the state, prosecuted a writ of error on this order, to the Supreme Court of the United States. Held, that the order for executory process was not a final judgment of the Circuit Court, on which a writ of error could issue.

By the eleventh section of the judiciary act of 1789, no civil suit shall be brought before the Courts of the United States, against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. The construction given to these provisions, by this Court, is, that no judgment can be rendered by a Circuit Court against any defendant, who has not been served with process issued against his person, in the manner pointed out; unless the defendant waive the necessity of such process, by entering his appearance to the suit.

The case of Toland *v.* Sprague, 12 Peters, 300, cited.

As the debtors were not before the judge, in the Circuit Court, when he granted, in this case, the order for process, the order for the process could not be regarded as a final judgment, from which a writ of error could be prosecuted, under the 22d section of the judiciary act of 1789. By the laws of Louisiana, three days' notice of a sale under such process was required to be given to the debtors, or the sale would be utterly void. Upon that notice, the debtors had a right to come into Court and file their petition, and set up, as matter of defence, every thing that could be assigned for error in a Court of Errors; and they could pray for an injunction in the Circuit Court, to stay the executory process, till the matter of the petition would be heard and determined. In the proceeding on the petition and answer, the whole merits of the case between the parties, including the necessary questions of jurisdiction, could be heard, and a final judgment rendered. Articles 738, 739, of the Louisiana Code of Practice.

IN error to the Circuit Court of the United States, for the Eastern District of Louisiana.

In the Circuit Court, Edmund and David Fitzpatrick, citizens of the state of Virginia, filed a petition, stating that the plaintiffs in error, Barnett and Eliza Levy, citizens of Louisiana, and resident in the Eastern District of Louisiana, were indebted to them,

in solido, in the sum of twelve thousand one hundred dollars, with interest, at the rate of ten per cent., until paid, from the second day of February, 1838. That on the 26th of March, 1838, Barnett Levy, Eliza Levy, and one Moses E. Levy, (Moses E. Levy being then a resident in the state of Mississippi, and not within the District of Louisiana,) gave their obligation, duly executed by them, to the said Edmund and David Fitzpatrick, binding themselves and each of them, in solido, to pay to them the said sum of twelve thousand one hundred dollars, on the 2d of February, 1839, with interest, &c., "negotiable and payable at the residence of the said Barnett Levy in the state of Louisiana." The petition alleged that a demand of payment of the said obligation had been duly made at the residence of Barnett Levy, but the obligors had wholly failed to pay the same. The petition stated that a public act of hypothecation and mortgage, at the time the obligation was given, was executed by M. A. Levy, Barnett Levy, and Eliza Levy, by which certain real estate and slaves were given in pledge for the security of the said debt; which was duly recorded in the proper office in the parish of Madison, in the state of Louisiana. The mortgage was joint, not joint and several.

The petition asked that executory process might issue in the premises; and that, after due proceedings, the land and slaves might be sold, to pay the debt and interest due the petitioners, under executory process.

The petition also alleged that the act of hypothecation imported a confession of judgment, and entitled the petitioners to executory process. The bond, and a certified copy of the act of mortgage, were annexed to the petition.

The mortgage, executed by Eliza Levy and Barnett Levy, in their proper persons, and by Barnett Levy, under a power of attorney from M. A. Levy, which was not annexed to or filed with the mortgage, stipulated that one-third of the debt should be paid on the 2d of February, 1839; one-third on the 2d of February, 1840; and the residue on the 2d of February, 1841; "and on failure to pay the said note in the three several instalments, as aforesaid, or any one thereof at its maturity, they hereby impower and authorize the said Edmund Fitzpatrick and David Fitzpatrick, or either of them, to avail themselves of

[Levy v. Fitzpatrick.]

all the advantages of this special mortgage, and to proceed to seizure and sale of the said lands and slaves hereby mortgaged, by executory process, according to law, for the whole sum of twelve thousand one hundred dollars."

The Honourable P. K. Lawrence, judge of the Circuit Court, gave an order for process on the petition, "as prayed for." Two of the mortgagors, the defendants in the Circuit Court, prosecuted this writ of error to the Supreme Court. The errors assigned, in the petition, for the writ of error in the Circuit Court, were the following:

1st. No oath or affidavit has been made by the creditors, or either of them, that the debt is due upon which the order of seizure and sale has been obtained. See Civil Code of Louisiana, art. 3361.

2d. The power of attorney, if any exists, of Moses A. Levy, one of the defendants, is not attached to the papers nor filed in this suit, and there is no authentic evidence of it; there is a mere recital of it in the act.

3d. The certified copy of the act of mortgage is not completed, inasmuch as a certified copy of said power of attorney does not accompany it; though said act declares that said power of attorney was attached to it, and is of course an important part of the record.

4th. Though the written obligation may be joint and several, yet the act of mortgage is only joint, and it is indivisible; therefore it is illegal to proceed by executory process against any one or two of the joint obligators, to the exclusion of the other one or two.

5th. The proceedings generally are irregular and illegal, and cannot be sustained.

Lastly, That no presentment or demand of payment of the note or obligation sued upon was made before the commencement of this suit, at the place where the same was made payable, and that no protest or other evidence of such demand is exhibited.

The case was submitted, on the part of the plaintiffs in error, on a printed argument, by Mr. Garland; and was argued at the bar, by Mr. Coxe, for the defendant.

[Levy v. Fitzpatrick.]

The decision of the Court having been given on a point not presented by the assignment of errors, or in the arguments of the counsel, the arguments are omitted.

Mr. Justice M'KINLEY delivered the opinion of the Court.

The defendants in error addressed a petition to the Circuit Court for the Eastern District of Louisiana, stating that the plaintiffs in error were indebted to them, in solido, in the sum of twelve thousand one hundred dollars, with interest at the rate of ten per cent. per annum, by their certain writing obligatory, executed by them and one Moses A. Levy, who was then out of the jurisdiction of the Court. To secure the payment of which sum of money, the said Barnett Levy, for himself, and as attorney in fact, for the said Moses A. Levy, together with the said Eliza Levy, by. a public act, hypothecated and mortgaged to the petitioners, a certain tract of land and several slaves therein mentioned, which public act, they alleged, imports a confession of judgment, and entitled them to executory process; which they prayed the Court to grant. Without any process requiring the appearance of the debtors, one of the judges signed an order directing the executory process to issue. To reverse this order, they sued out this writ of error.

Had this proceeding taken place before a judge of competent authority, in Louisiana, the debtors might have appealed from the order of the judge to the Supreme Court of that state; and that Court might, according to the laws of Louisiana, have examined and decided upon the errors which have been assigned here. But there is a marked and radical difference between the jurisdiction of the Courts of Louisiana, and those of the United States. By the former, no regard is paid to the citizenship of the parties; and in such a case as this, no process is necessary to bring the debtors before the Court. They having signed and acknowledged the authentic act, according to the forms of the law of Louisiana, are, for all the purposes of obtaining executory process, presumed to be before the judge. Louisiana Code of Practice, articles 733 and 734. An appeal will lie to the Supreme Court of Louisiana, from any interlocutory or incidental order, made in the progress of the cause, which might produce irreparable injury. State v. Lewis, 9 Mart. R.

301, 302. Broussard *v.* Trahan's heirs, 4 Mart. R. 497. Gurlie *v.* Coquet, 3 N. S. 498. Seghus *v.* Antheman, 1 N. S. 73. State *v.* Pitot, 12 Mart. R. 485.

The jurisdiction of the Courts of the United States is limited by law, and can only be exercised in specified cases. By the eleventh section of the judiciary act of 1789, it is enacted " That the Circuit Courts shall have original cognisance, concurrent with the Courts of the several states, of all suits of a civil nature, at common law, or in equity, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between a citizen of the state where the suit is brought, and a citizen of another state. And no civil suit shall be brought before said Courts, against an inhabitant of the United States, by any original process, in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." The construction given by this Court, to these provisions is, that no judgment can be rendered by a Circuit Court, against any defendant who has not been served with process issued against his person, in the manner here pointed out; unless the defendant waive the necessity of such process by entering his appearance to the suit. Toland *v.* Sprague, 12 Peters, 300.

And by the 22d section of the same ac final judgments in civil actions, commenced in the Circuit Court, by original process, may be re-examined, and reversed or affirmed, upon a writ of error. It is obvious that the debtors were not before the judge, in this case, by the service of process, or by voluntary appearance, when he granted the executory process. In that aspect of the case, then, the order could not be regarded as a final judgment, within the meaning of the 22d section of the statute. But was the order a final judgment, according to the laws of Louisiana? The fact of its being subject to appeal does not prove that it was, as has already been shown. Nor could it, per se, give to the execution of the process, ordered by the judge, the dignity of a judicial sale. Unless at least three days previous notice were given to the debtors, the sale would be utterly void. Grant and Olden *v.* Walden, 5 L. R. 631.

This proves that some other act was necessary, on the part of

SUPREME COURT.

[Levy *v.* Fitzpatrick.]

the plaintiffs, to entitle them to the fruits of their judgment by confession. And in that act is involved the merits of the whole case; because, upon that notice, the debtors had a right to come into Court and file their petition, which is technically called an opposition, and set up, as matter of defence, every thing that could be assigned for error here, and pray for an injunction to stay the executory process till the matter of the petition could be heard and determined. And upon an answer to the petition coming in, the whole merits of the case between the parties, including the necessary questions of jurisdiction, might have been tried, and final judgment rendered. Articles 738, 739, of the Code of Practice. From this view of the case, we think the order, granting executory process, cannot be regarded as any thing more than a judgment nisi. To such a judgment a writ of error would not lie. The writ of error, in this case, must therefore be dismissed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is ordered and adjudged, by this Court, that this writ of error be, and the same is hereby, dismissed, with costs.