ANDERSON v. SHAFFER.*

(*Circuit Court, S. D. Ohio, E. D.*   December, 1881.)

1. ATTACHMENTS—SECTION 915, REV. ST.—CONSTRUCTIVE SERVICE.
    Under section 915, Rev. St., in actions for the recovery of money only, the United States courts are authorized to issue attachment and garnishee process only where the court has acquired jurisdiction of the person of the defendant. As to what effect the adoption by the court, by general rules, of the attachment laws of the state in which it is held would have, where such laws authorized constructive service in such cases, *quære.*

2. SAME—SECTIONS 739, 915, REV. ST.—CASE STATED.
    In an action for the recovery of money only, on a promissory note, commenced in the southern district of Ohio, by a resident of that state, against a resident of the state of Texas, the defendant not having been found and served within the district, but the petition alleged that the defendant had property and credits within the districts, and attachment and garnishments were issued therein, *held*, (1) that under section 739, Rev. St., the action could not be maintained in that district; and (2) that under section 915 the court had no power to issue attachments or garnish  n ts.

Motion to Dismiss Attachment.

*Harrison, Olds & Marsh,* for defendant.

*F. W. Wood,* for plaintiff.

SWING, D. J.   The record shows that on the sixteenth day of July, 1881, the plaintiff filed his petition in this court alleging that he was a citizen of the United States, and of the eastern division of the southern district of Ohio; that the defendant, on the fifteenth day of October, 1877, at Kansas City, in the state of Missouri, made his promissory note, and delivered the same to Susan E. Wagenhols, and thereby promised to pay said Susan E. Wagenhols, or order, $2,000, with interest from date at the rate of 8 per cent. per annum; that afterwards, and before the maturity of the note, the said Susan E. Wagenhols, for a valuable consideration, indorsed the same, and transferred it to the plaintiff, who is now the legal holder and owner thereof, and sets out a copy of the note, with the indorsements thereon; that the note is now due and unpaid; that said defendant has property and rights in action in the eastern division of the southern district of Ohio which the plaintiff seeks to seize by attachment, and subject to the payment of his claim; and plaintiff asks judgment on said note against the defendant for $2,000 and interest.

On the sixteenth day of July, 1881, a summons was issued upon the petition, directed to the marshal, commanding him "to summon

*Reported by J. C. Harper, Esq., of the Cincinnati bar.

Frank W. Shaffer, citizen of and resident in the state of Texas, if he be found in your district." This summons was afterwards returned by the marshal with the following indorsement: "I received this writ at Columbus, 12 noon, July 22, 1881, and have been unable to find Frank W. Shaffer." The return of the marshal was filed on the eighteenth day of August, 1881.

On the sixteenth day of July, 1881, upon affidavit filed, there was issued out of said court attachment and garnishee process against the Fairfield County Bank, Peters & Traut, Charles Frederick Shaffer, administrator, and Charles F. Shaffer, requiring them to appear and answer touching the money, property, or credits in their possession or control. All these were served by the marshal on the parties on the twenty-second of July, 1881, and filed August 18, 1881.

Afterwards Charles F. Shaffer filed his motion to discharge and dismiss the attachment and garnishee process, on the ground that the court had no jurisdiction. The record in this case shows that the defendant was a citizen of Texas, and it further shows that he was not found and served within this district; clearly, therefore, under the provisions of section 739, this action could not be brought and maintained against the defendant in this district. This being so, can the attachment and garnishee process be maintained against the property of the defendant under and by virtue of the provisions of section 915, U. S. Statutes? Whether if the circuit court of this district had adopted by general rules the attachment laws of the state of Ohio we could maintain jurisdiction, is not necessary to consider, as no such rule has been promulgated. Without entering into any discussion or analysis of the provisions of this section, I am of the opinion that it authorizes an attachment in those cases only where the court has acquired jurisdiction of the person of the defendant. *Chittenden's Case,* 2 Woods, 437; *Saddler* v. *Hudson,* 2 Curtis, 6; *Nazro* v. *Cragin,* 3 Dillon, 474; *Levy* v. *Fitzpatrick,* 15 Pet. 171; *Toland* v. *Sprague,* 12 Pet. 300; *Ex parte Ry. Co.* 103 U. S. 794.

The motion to dismiss the attachment proceedings must therefore be granted.