## No. 9392.

## Mrs. E. J. Ralston and Husband vs. British & American Mortgage Company (Limited).

An order of seizure and sale in a proceeding *via executiva*, on a mortgage importing confession of judgment, is a judgment, and, after its rendition, such proceeding is not removable from the State to the Federal court. So, an action brought by the defendant to restrain the execution of such judgment, is auxiliary to the proceeding and is not removable

Bondurant vs. Watson, 103 U. S. 287, only applies to injunction suits to restrain execution of State court judgments, when brought by persons not parties to such judgments.

APPEAL from the Ninth District Court, Parish of Tensas. *Hough*, J.

*Wade R. Young* for Plaintiffs and Appellants.

*Steele & Garrett* for Defendant and Appellee.

---

The opinion of the Court was delivered by

Fenner, J. The motion to dismiss presents the same points urged in the case of Sachse vs. Citizens' Bank, just decided, and for the reasons there given, is overruled.

### Merits.

The appeal is taken from an order removing the cause to the Federal Court.

The defendant, an alien, proceeding against the plaintiffs on a mortgage act importing confession of judgment, obtained a decree or order of seizure and sale. The plaintiffs filed the instant suit for injunction restraining the execution of said decree. Then, alleging their own citizenship of Louisiana and the alienage of defendant, they apply for the removal under the Act of 1875. The order granting the removal was clearly error.

This Court has held that the order of seizure and sale " was a final judgment exhausting the power of the court *quoad* the application, and leaving nothing to be decided and no contest or issue between the parties," and that, after such order, the executory proceeding was not removable. Meaux vs. Pittman, 31 Ann. 405.

The injunction proceeding to restrain the execution of such a judgment is merely auxiliary, when brought by the defendants in such a judgment. The Supreme Court of the United States has held that an injunction proceeding to restrain the execution of a judgment of a State Court brought by one, not a party to the judgment, was removable, but the reasons assigned are thus given : " The injunction had its origin in the judgment, but it was a new and independent suit between other parties and upon new issues. It was a suit in which the plaintiff sought to be protected against a judgment to which he was not a party, by which his property had been specifically condemned to satisfy a claim against others and not against him. * * * It could not be called incidental or auxiliary to the original case. It was a new and independent controversy between other parties." Bondurant vs. Watson, 103 U. S. 287.

Upon the principle of *inclusio unius, exclusio alterius,* the stress laid upon the fact that the plaintiff in injunction was not a party to the judgment, powerfully indicates that, if he had been a party, the decision would have been different. Believing such inference to be, not only justified by the language of the Supreme Court, but thoroughly sound in principle, we shall enforce it.

It is, therefore, ordered, adjudged, and decreed, that the order of removal appealed from be annulled and set aside; and it is now ordered, adjudged, and decreed, that the petition of plaintiffs herein praying for removal of this cause to the Federal Court be rejected at cost of appellees in both courts.