## LOCKHART *v.* MOREY.[1]

*(Circuit Court, E. D. Louisiana.* March 14, 1887.)

1. REMOVAL OF CAUSES—PETITION FOR EXECUTORY PROCESS.
   A suit instituted in the state court, on a petition for executory process on a title importing a confession of judgment, is removable to the United States circuit court, after executory process has been ordered, and the debtor has filed an opposition denying the plaintiff's right, and asking the revocation of the order; the requisite averments as to amount involved and citizenship being conceded.

2. SAME.
   Oppositions filed to orders for executory process, under the provisions of the Louisiana Code of Practice, do not constitute mere ancillary proceedings to a suit already tried and determined.

On Motion to Remand.

*E. D. White* and *E. D. Saunders,* for plaintiff and motion.

*John D. Rouse* and *William Grant,* for defendant.

PARDEE, J. The question presented by the motion in this case is whether a case is removable from the state court to the circuit court, where the suit is instituted in the state court on a petition for executory process on a title importing a confession of judgment, executory process has been ordered, and the debtor has filed an opposition, denying the plaintiff's right, and asking the revocation of the order; the requisite showing as to amount involved and citizenship being conceded. It is claimed that the order of seizure and sale constitutes a judgment between the parties, and that the proceedings thereafter on the opposition are merely auxiliary to such judgment. The case of *Ralston* v. *Mortgage Co.,* 37 La. Ann. 193, is cited to support this contention. There is no question that the proceedings above recited constitute in the state court a suit of a civil nature, at law or in equity, which has not been but is to be tried and determined. Because a judgment is in controversy, is of itself no hinderance to the removal of a suit of a civil nature, at law or in equity. If a suit has progressed to trial and judgment, it is too late to remove it, because all removals should be before trial. If, after judgment rendered, a suit is brought to control as to the mode and manner of execution, or even to prevent execution, there is plausibility and authority for holding that such subsequent suit is ancillary to the main suit, and therefore not removable. But where there has been no trial, and the proceedings involve the whole merits, and the whole matter can be transferred, it is difficult to see that the question of removability should be affected by the fact that some order previously rendered in the case may have the dignity of a judgment. In this case, therefore, I am inclined to the opinion that the present case is removable, irrespective of the question as to whether the order of seizure and sale amounts to a judgment or not. At the same time I take it that the real force and ef-

fect of the order for executory process is that only of an interlocutory order, and having few, if any, of the requisites of a judgment.

In *Levy* v. *Fitzpatrick*, the supreme court of the United States, after a full examination of Louisiana decisions and the Louisiana Code of Practice, held that the order granting executory process cannot be regarded as a final judgment, nor as anything more than a judgment *nisi.* 15 Pet. 167.

This court in *Boatmen's Sav. Bank* v. *Wagenspack*, 4 Woods, 130, 12 Fed. Rep. 66, said:

"The order of seizure and sale, unless there is opposition, is a final order. If there is opposition, it is a mere process introductory to a litigation. * * *" Again: "The order for executory process is in form a decree of judgment, but it is in substance only an order *ex parte.*" "These orders are issued in France by notaries, who are *quasi* judicial officers."

And in *Weaver* v. *Field*, 4 Woods 152, 16 Fed. Rep. 22, speaking of the order for executory process:

"In general practice in this state [Louisiana] it is well understood to have so little of 'the force of the thing adjudged' that on very slight occasion the whole proceeding is turned into the *via ordinaria.* Praying for citation, praying for a personal judgment, taking testimony, and praying for a judgment in answer to an injunction, or on a rule to dissolve, have each been held to avoid the fiat, and change the proceeding into an ordinary suit. The order of seizure and sale is rendered upon a title importing a confession of judgment, but it by no means has the force of a judgment by confession. In fact, prior to the constitution of 1868, under statutes of 1861 and 1862, in the major part of the state, this order could be granted by the clerks of the court."

These decisions are in strict accord with the decisions of the supreme court of Louisiana:

"The decree [executory process] is so far a judgment that an appeal will lie from it; but it is not a judgment in the true and legal sense of the term, and possesses none of its features. It issues without citation, decides no issue, adjudicates to the party obtaining it no right in addition to those secured in his notarial act, and need assign no reasons."

See Hen. Dig. 655, No. 5.

As late as the case of *Mitchell* v. *Logan*, 34 La. Ann. 998, it was held as well settled that the order for executory process had "but one element of a judgment, namely, the right of appeal, which can be taken either from the order of the judge, or from his refusal to grant the process." It would seem to be too late to now hold in Louisiana that an order for executory process has so much of the nature of a final judgment that oppositions filed thereto, under the express provisions of the Code of Practice, constitute mere ancillary proceedings to a suit already tried and determined.

The motion to remand is denied.