FOOTE *v.* MASSACHUSETTS BEN. ASS'N OF BOSTON.

*(Circuit Court, N. D. New York.   June 13, 1889.)*

SERVICE OF PROCESS—OBJECTIONS WAIVED.

A general appearance by the defendant in an action is a waiver of the objection that the service of summons on him was irregular, because not made in the district of which he was an inhabitant, as required by act Cong, March 3, 1887.

At Law.   On motion to vacate certain orders.
*William Blaikie,* for the motion.
*J. K. Hayward, contra.*

WALLACE, J.   This action is brought upon a policy of life insurance. The requisite diversity of citizenship to confer jurisdiction of the controversy upon this court exists between the parties; the plaintiff being a citizen of this state, and the defendant a corporation of Massachusetts. The action was commenced by the service of a summons upon the agent of the defendant designated to receive service of process within this state, pursuant to the provisions of the state laws requiring foreign insurance companies doing business here to designate such an agent.   Before the time for answering expired, the defendant, by its attorney, entered a general appearance in the action.   This was in November, 1887. From that time until March, 1888, no formal proceedings appear to have been taken in the action, but negotiations seem to have been carried on between the parties, and the time for serving pleadings was extended from time to time by stipulation between the attorneys.   In March the defendant made an application to the court for leave to substitute another attorney in lieu of the one who had appeared for it, and to withdraw the notice of appearance which had been served by him with leave to enter a new appearance *nunc pro tunc.*   The plaintiff's attorney did not receive notice of this application, owing to his absence from the state, and no one represented the plaintiff when the application was brought to a hearing.   The application was granted, and leave was given to the defendant in effect to enter a special appearance for the purpose of moving to vacate the service of the summons which had been made upon its agent.   The defendant, by its new attorney, then made an application to the court to vacate the service of the summons upon the ground that the defendant was not an inhabitant of the district in which the service was made. The plaintiff's attorney failed to receive notice of this application also, owing to his absence from the state.   No one appeared for the plaintiff upon the hearing of that application, and the court made an order dismissing the action, and vacating the service of the process.   Notice of both applications was duly served by mail upon the plaintiff's attorney by the attorney for the defendant, and the orders authorizing the special appearance and vacating the service of the process were in all respects regular.   A motion has now been made for the plaintiff, upon affidavits explaining and excusing the neglect of her attorney to appear upon the

hearing of the applications, to vacate the orders. Although the affidavits show quite grave laches on the part of the plaintiff's attorney, they are not of such a gross character as to be wholly inexcusable; and it would be a great hardship upon the plaintiff to deprive her of an opportunity of having the questions involved in the action disposed of upon their merits. The policy in suit contains a condition which provides that no suit shall be brought upon it unless commenced within one year from the death of the assured; and, as the suit was not commenced until the year had nearly, expired, the defendant apparently would have a complete technical defense to any action upon the policy brought after the order dismissing the present action was made. Undoubtedly, under the provisions of the act of March 3, 1887, the service of process upon the defendant, as made in this suit, was irregular. That act confers the privilege upon a defendant to be sued by the service of process upon him exclusively in the district of which he is an inhabitant. Consequently jurisdiction of the person of the defendant, in the sense that effective service of process is requisite to such jurisdiction, was not acquired by the service made here. No doubt, however, is entertained that the privilege of the defendant may be waived just as it could have been under the first section of the act of March 3, 1875 which was a repetition of a provision of the judiciary act of 1879. Under the former acts it was always held that, notwithstanding the provisions requiring process to be served in the district only in which the defendant could be found, if it was served elsewhere, and the defendant appeared generally in the action, the court had jurisdiction to proceed; and the appearance of the defendant was a waiver of the right to raise the objection. It is unnecessary to cite the numerous adjudications to this effect. It is sufficient to refer to one in this court,—*Kelsey* v. *Railroad Co.*, 14 Blatchf. 89; and to two in the supreme court,—*Jones* v. *Andrews*, 10 Wall. 327, and *Atkins* v. *Disintegrating Co.*, 18 Wall. 272. The latter citations are referred to especially because they meet one of the positions taken in the present case by the counsel for the defendant. He contends that an appearance, not accompanied by a plea, answer, or demurrer, is not a waiver of the objection; and cites the case of *Reinstadler* v. *Reeves*, 33 Fed. Rep. 308, as sustaining his position. With the exception of that case no authority in support of this contention is found in the decisions of the federal courts. In *Jones* v. *Andrews*, the only appearance of the defendant was by a motion to dismiss the bill for want of jurisdiction apparent upon the face of it, and the court held that by moving to dismiss the bill for want of equity the defendant waived the objection that he was not properly served with process, saying: "After this the question of jurisdiction over the person was at an end." In *Atkins* v. *Disintegrating Co.*, there was an entry in the record of an admiralty case that an attorney "appears for the respondent, and has a week to perfect an appearance and answer," and it was held that such an appearance precluded him from raising the objection by answer of want of jurisdiction of the person. If the defendant in this case had appeared specially for the purpose of moving to vacate the service of the summons it would

have saved its right to object to the jurisdiction. Not having done this, and having continued to recognize the action as properly brought from November until the following March, it should be held that the defendant has waived its privilege to object. The defendant has been subjected to expenses consequent upon the default of the plaintiff to appear when the two orders were made. The questions that have been discussed now could have been properly disposed of at that time. The defendant should be indemnified against the unnecessary expense which it has thus been obliged to incur because of the laches attributable to the plaintiff. The order dismissing the action will be vacated, and the order substituting a new attorney for the defendant modified by striking out that part of it which in effect withdraws the general appearance of the defendant, upon condition of the payment by plaintiff to defendant of its expenses incurred by the laches of the plaintiff's attorney, to be ascertained, if necessary, by a reference to the clerk.