FOSHA et ux. v. WESTERN UNION TEL. CO.

(Circuit Court, W. D. Pennsylvania. April 26, 1902.)

No. 18.

FEDERAL COURTS—JURISDICTION—RESIDENCE OF PARTIES—WAIVER OF OBJECTIONS.

Act March 3, 1887 (24 Stat. 552), as corrected by Act Aug. 13, 1888 (25 Stat. 433), providing that "no civil suit shall be brought" before either a district or circuit court of the United States "against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where jurisdiction is founded only on the fact that the action is between citizens of different states suit shall be brought only in the district of the residence of either the plaintiff or defendant," confers a mere personal privilege or exemption on the defendant, which he waives by a general appearance to the suit.

John O. Petty, for plaintiffs.
J. S. & E. G. Ferguson, for defendant.

ACHESON, Circuit Judge. The first section of the act of March 3, 1887 (24 Stat. 552), as corrected by the act of August 13, 1888 (25 Stat. 433), gives, generally, to the circuit court of the United States, jurisdiction of controversies between citizens of different states where the matter in dispute exceeds the sum of $2,000 exclusive of interest and costs. This case presents such a controversy. Therefore we have here a controversy of which a circuit court of the United States has jurisdiction. Railroad Co. v. McBride, 141 U. S. 127, 131, 11 Sup. Ct. 982, 35 L. Ed. 659. Now, upon the authority of a long line of decisions, it must be held that the provision of the statute,

"no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," merely confers a personal privilege or exemption which a defendant may waive. Toland v. Sprague, 12 Pet. 300, 330, 331, 9 L. Ed. 1093; Ex parte Schollenberger, 96 U. S. 369, 378, 24 L. Ed. 853; Railroad Co. v. McBride, supra; Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. And it must also be accepted as a settled principle applicable to the act of 1887–88, that the objection that the suit is brought in the wrong district is waived by the defendant by a general appearance to the suit. Levy v. Fitzpatrick, 15 Pet. 167, 171, 10 L. Ed. 699; Foote v. Association (C. C.) 39 Fed. 23; 2 Enc. Pl. & Prac. 639; Southern Pac. Co. v. Denton, 146 U. S. 202, 206, 13 Sup. Ct. 44, 45, 36 L. Ed. 942. In the last-cited case the supreme court said: "It may be assumed that the exemption from being sued in any other district might be waived by the corporation by appearing generally, or by answering to the merits of the action, without first objecting to the jurisdiction." Here, at the institution of the suit, the plaintiffs filed their statement of claim, which disclosed as well the diverse citizenship—that they were citizens of the state of West Virginia and the defendant a corporation of the state of New York—as the cause of action. The defendant, with full knowledge of the facts, entered its general appearance; and it was not until nearly two months later, and three days after the expiration of the time within which a new action could be brought, that the defendant, by this plea to the jurisdiction, raised the objection that the suit was brought in the wrong district.

The plea to the jurisdiction is overruled, with leave to the defendant to plead to the merits within 20 days.