## KIRBY v. WILSON et al.

Circuit Court of Appeals, Sixth Circuit.
June 30, 1928.

No. 4934.

Corporations ⊗⟹243(2)—Organizers did not become stockholders, and liable on stock after corporation's insolvency, where stock was never issued and escrow conditions not performed.

Organizers *held* not to have become stockholders in corporation, so as to be liable on stock after insolvency of corporation, under arrangement whereby certificate of corporate compliance was issued to corporation on condition that stock which it proposed to issue to pay for organization work would be escrowed with department of securities until certain antecedent conditions were performed, where stock was never delivered to organizers, and, if placed in escrow, stock was returned to corporation and canceled, because antecedent conditions had not been performed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Edward G. Kirby, as receiver of the Zenith Tire & Rubber Company, against James W. Wilson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 9 F.(2d) 204.

George W. Ritter, of Toledo, Ohio (Ritter & Brumback, of Toledo, Ohio, on the brief), for appellant.

Edmund Burroughs, of Akron, Ohio, for appellee Swinehart.

Before MOORMAN and KNAPPEN, Circuit Judges, and ANDERSON, District Judge.

MOORMAN, Circuit Judge. The Zenith Tire & Rubber Company was organized under the laws of Delaware. Shortly after it was organized the appellee Harris advised the board of directors that he would expect $250,000 of the common stock of the company as a compensation for himself and his associates (also appellees) for the work which they had done preliminarily to organizing the corporation, and for their services as officers and directors in financing it. At the same time he submitted to the board a statement from the department of securities of the state, showing that the certificate of corporate compliance was issued to the company upon the condition that the $250,000 of its common stock (25,000 shares, of the par value of $10 a share), which it proposed to issue to pay for the promotion and organization work, would be escrowed with the department of securities until there should be earned on all common capital stock issued and outstanding dividends aggregating 14 per cent., and that, in the event the company went into liquidation or bankruptcy before the stock was released from escrow, then the stock should not participate in the assets of the company until after all other outstanding stock had been paid in full. The board accepted these conditions of certification imposed by the department of securities. A receiver was later appointed for the company, and this suit was brought by him to recover, for the benefit of the creditors of the company, an amount claimed by him to be due the company from the appellees for the 25,000 shares of stock alleged to have been issued to them.

The controlling question in the case is whether appellees became stockholders in the corporation, it being assumed, for the purposes of this opinion, that, if they did, they are liable for the debts of the corporation in the amounts to which they are indebted to it for their shares of stock. There was evidence to the effect that certificates of stock (in the possession of the receiver at the trial) were issued in the name of one of the appellees, not Harris, and deposited with the department of securities. None of these certificates, however, was ever delivered to any of the appellees. Some of them had been pasted back in the stock book, and others were marked "Canceled." The lower court thought it doubtful that they were ever issued and placed in escrow, but concluded that, if they were, they were returned to the company and canceled because the antecedent conditions upon which they were issued had not been performed. The court also thought

that the arrangement for issuing the stock was intended to be effective only upon the happening of certain antecedent conditions, which never came about. Our consideration of the proofs leads us to like conclusions.

We are of the further opinion that, even if it were held that there was a stock subscription, there would be difficulties, on this record, in determining whether the subscription was made by Harris or Metzger, or whether, if by either, the other appellees were such parties thereto as bound them for the unpaid subscription prices. But we need not go into that question, since no stock was ever delivered to appellees, and, if any was ever issued in their names and deposited with the department of securities, it was done upon the condition that it should not be delivered or become effective until there had been earnings of as much as 14 per cent. on all the stock issued and sold. As this condition was never performed, there was no binding stock subscription.

Smith v. General Motors Corporation (6 C. C. A.) 289 F. 205, In re Grand Rapids Furniture Agency (D. C.) 209 F. 483, and the other cases cited by appellant, do not oppose this conclusion. All such cases, we think, are fairly distinguishable on their facts from the case at bar.

The judgment is affirmed.