## BOVAY et al. v. H. M. BYLLESBY & CO. et al.

### No. 8290.

Circuit Court of Appeals, Fifth Circuit.
March 18, 1937.

Allan Sholars and Geo. Gunby, both of Monroe, La., for appellants.

Elias Goldstein and Ben C. Dawkins, Jr., both of Shreveport, La., and J. Sidney Condit, of Chicago, Ill., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal presents a question of law arising in a corporate reorganization proceeding under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The appeal was allowed by the District Court. under section 24a of the act, as amended (11 U.S.C.A. § 47 (a). In addition, out of an abundance of caution, application for permission to take the appeal under section 24-b, as amended, 11 U.S.C.A. § 47 (b), has been filed by appellants pursuant to rule XXXIX of this court. No objection is made to the application, and

991.

the same is granted without reference to the necessity thereof. Taylor v. Voss, 271 U.S. 176, 46 S.Ct. 461, 70 L.Ed. 889; Harlan v. Archer (C.C.A.) 79 F.(2d) 673, 102 A.L.R. 149. Cf. Bitker v. Hotel Duluth Co. (C.C.A.) 83 F.(2d) 721; Delta National Bank v. Easterbrook (C.C.A.) 133 F. 521, certiorari denied 200 U.S. 620, 26 S.Ct. 757, 50 L.Ed. 624.

This suit was filed under the style and number of the reorganization proceeding of the Vicksburg Bridge & Terminal Company, although it is in form and substance a plenary suit with the trustees of the bridge company, as plaintiffs, and Byllesby & Co. and Federal Security Company, as defendants. Service was had upon the defendants in the districts of Illinois and Delaware, respectively. They appeared specially and moved to quash the service and dismiss the suit, because the defendants were not citizens of Mississippi and were not doing business therein, nor were they found or served in that state.

The bill charges that in 1928 the defendants (appellees) bought the bonds and indentures of the bridge company in the principal amount of $7,000,000 at 90 and immediately sold them at par; that subsequently various sums, amounting to more than $200,000, were paid to the defendants out of the funds of the bridge company without any consideration and without any valid corporate authorization therefor; that likewise a large part of the capital stock of the bridge company was delivered to defendants without authority and without consideration. The relief sought is an accounting for all funds of the bridge company received by the defendants in these transactions, with an alternate prayer for the annulment thereof, and, finally, for judgment against the defendants in solido in the sum of $929,765.16, with such other sums as may be found to be due.

The sole question argued by the parties relates to the primary jurisdiction of the bankruptcy court over a corporate debtor and its property. More specifically: Does such jurisdiction extend beyond the territory of the district in a suit in personam by the trustees appointed in the reorganization proceeding to require an accounting by defendants not inhabitants of the district, and not found therein, for moneys alleged to have been fraudulent-

ly diverted from the treasury of the corporation at or about the time of its formation?

Parts of section 77B which relate to jurisdiction provide, in paragraph (a), 11 U.S.C.A. § 207 (a), that the court shall have exclusive jurisdiction of the debtor and its property wherever located, and shall have all powers, not inconsistent with section 77B, which a federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature. In paragraph (c), 11 U.S.C.A. § 207 (c), the judge, in addition to the jurisdiction conferred by section 11 of the Bankruptcy Act, 11 U.S.C.A. § 29, is granted power to enjoin or stay the commencement or continuance of suits against the debtor (including judicial proceedings to·enforce liens upon the estate) until after final decree. Lastly, in paragraph (o), 11 U.S.C.A. § 207 (o), the jurisdiction and powers of the court are declared to be "the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved."

■ This is not a suit to recover property admittedly owned by the bridge company, nor one for a stay or injunction of any kind. It is a suit upon a chose in action, or choses in action, and seeks a judicial determination of the validity of an alleged indebtedness of appellees for moneys due appellants as trustees of the debtor. It is conceded that a chose in action which belongs to the debtor is an intangible asset, subject to the control of the bankruptcy court, but the title to the thing is not sufficient to confer jurisdiction over the person of the defendants owing the money who reside in another district and are beyond the ordinary processes of the court.

■ If the District Court had appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts, it would not have acquired jurisdiction of a suit by that receiver on a claim, such as is here asserted, against a nonresident of the district not doing business therein and not found or served therein. Barfield v. Zenith Tire & Rubber Co. (D.C.) 9 F.(2d) 204, affirmed sub nom. Kirby v. Wilson (C.C.A.) 27 F.(2d) 327. Our conclusion is that, under paragraphs (a) and (c), the process served upon appellees outside of the district was ineffective to acquire jurisdiction of the suit in personam against them.

■ It remains to inquire with reference to paragraph (o), the only other source of power having any relevancy to the question of jurisdiction here presented. It grants such powers as are conferred in ordinary voluntary adjudications in bankruptcy. With the exceptions provided by sections 55 and 56 of the Judicial Code (28 U.S.C.A. §§ 116, 117), the process of the bankruptcy court in ordinary adjudications is ineffective if served on defendants outside of the district. Lathrop v. Drake, 91 U.S. 516, 23 L.Ed. 414. The court in reorganization proceedings under section 77B is bound by this limitation, except where a wider jurisdiction is expressly conferred or necessarily implied. "It is not lightly to be assumed that Congress intended to depart from a long-established policy." Robertson v. Railroad Labor Board, 268 U.S. 619, 45 S.Ct. 621, 624, 69 L.Ed. 1119.

■ The effort to take jurisdiction in this case was a nullity, and the motions to quash the service and to dismiss the suit were properly sustained. Caledonian Coal Co. v. Baker, 196 U.S. 432, 25 S.Ct. 375, 49 L.Ed. 540; Cooper v. Reynolds, 77 U.S. (10 Wall.) 308, 19 L.Ed. 931; Levy v. Fitzpatrick, 40 U.S. (15 Pet.) 167, 10 L.Ed. 699; Walden's Lessee v. John Craig's Heirs, 39 U.S. (14 Pet.) 147, 10 L.Ed. 393; Kendall v. United States, 37 U.S. (12 Pet.) 524, 9 L.Ed. 1181; Babbitt v. Dutcher, 216 U.S. 102, 30 S.Ct. 372, 54 L.Ed. 402, 17 Ann.Cas. 969.

The petition to revise is denied and the decree appealed from is affirmed.