## SHARON *v.*·HILL.

*(Circuit Court, D. California. March 9, 1885.)*

CIRCUIT COURT—JURISDICTION—CITIZENSHIP—HOW PLEADED.

An averment in the introductory part of a bill that "W. S., of the city of Virginia, state of Nevada, and a citizen of the state of Nevada, brings this, his bill against S. A. H., of the city and county of San Francisco, state of California, and a citizen of the state of California," * * * is a sufficient averment of citizenship of the parties to give the United States circuit court jurisdiction.

In Equity.

*W. H. L. Barnes, O. P. Evans,* and *Stewart & Herrin,* for complainant.

*Tyler & Tyler, D. S. Terry, George Flournoy,* and *Walter Levy,* for defendant.

SAWYER, J., (*orally.*) Counsel for respondent makes the point that the allegation of the citizenship of the parties to this suit, in the introductory part of the bill, is insufficient in form to give this court jurisdiction of the cause. At the time the point was raised, I stated it to be my impression that the supreme court had decided that allegations in the same form sufficiently stated the jurisdictional facts, and upon examination of the authorities, I find that view to be correct. In the respect referred to, the allegation is in the form found in, probably, a majority of the bills filed in this court.

Even the authority which is cited, and so strongly relied on, by respondent's counsel, does not go to the extent claimed for it, but, on the contrary, inferentially at least, is an authority the other way. The case is *Jackson* v. *Ashton,* 8 Pet. 148, reported, also, in 11 Curt. 53. The opinion is very brief, and the facts are very briefly stated, in the head-note, which was drawn by Mr. Justice CURTIS himself, who is understood to limit his head-notes to a statement of the exact point decided. The head-note reads thus: "The citizenship of the parties *was averred in the title of the bill,* but *not in the bill itself.* Held, that the court had not jurisdiction." The defect was not in the *sufficiency* in form of the averment of citizenship, but that the averment was not made in the bill itself, but only in the title. The title is no part of the bill. The form was, "*Thomas Jackson, a citizen of the state of Virginia, William Goodwin Jackson, and Maria Congreve Jackson, citizens of Virginia, infants, by their father and next friend, the said Thomas Jackson,* v. *The Reverend William Ashton, a citizen of the state of Pennsylvania.*" The language is not, "*is* a citizen," etc. Mr. Chief Justice MARSHALL, in deciding the case, says:

"The title or caption of the bill is no part of the bill, and does not remove the objection to the defects in the pleadings. The bill and proceedings should state the citizenship of the parties, to give the court jurisdiction of the case. The only difficulty which could arise to the dismissal of the bill presents itself upon the statement 'that the defendant is of Philadelphia,' [without stating that he is a citizen of Philadelphia, or even a resident of Philadelphia.]

This, it might be answered, shows that he is a citizen of Pennsylvania. If this were a new question, the court .might decide otherwise; but the decision of the court, in cases which have heretofore been before it, has been express upon the point; and the bill must be dismissed for want of jurisdiction."

There is, then, no intimation that the averment of citizenship is not sufficient *in form;* but the defect is that the averment is not in the bill, but simply in the caption or title of the bill itself, and it is upon that ground alone that it was held to be insufficient.

In Curt. Eq. Prec., which is a standard authority in the United States, and was prepared to supplement Story's works on Equity Jurisprudence and Equity Pleadings, is set forth, upon page 4, a form of averment of citizenship to be used in a bill in equity, which is the same as that found in the bill under consideration. Curtis gives a form of introduction for various bills; and the form of introduction for a bill, *in the United States circuit court,* is set forth as follows:

"To the judges of the circuit court of the United States, for the district of * * *, A. B., of * * *, and a citizen of the state of * * *, brings this, his bill, against C. D., of * * *, and a citizen of the state of * * *, and thereupon your orator complains and says," etc.

That is the form given by Curtis; and the introductory part of the bill, in this case, is in the same words, the blanks being filled as follows:

"To the honorable, the judges of the circuit court of the United States, ninth circuit, district of California: William Sharon, of the city of Virginia, state of Nevada, and a citizen of the state of Nevada, brings this, his bill, against Sarah Althea Hill, of the city and county of San Francisco, state of California, and a citizen of the state of California; and thereupon your orator complains and says:"

The form adopted in this bill is undoubtedly taken, either from the form given by Curtis, before referred to, or from the form prescribed by the rule of the supreme court of the United States. Equity rule 20 provides that—

"Every bill in the introductory part thereof shall contain the names, places of abode, and citizenship of all the parties, plaintiffs and defendants, by and against whom the bill is brought. The form in substance shall be as follows:"

If the blanks are filled in with the names, places of abode, and citizenship of the parties to the bill, in the present case, the form set out in the rule will then read as follows:

"To the judges of the circuit court of the United States, for the district of California: William Sharon, of the city of Virginia, state of Nevada, and a citizen of the state of Nevada, brings this, his bill, against Sarah Althea Hill, of the city and county of San Francisco, state of California, and a citizen of the state of California. And thereupon your orator complains and says that," etc.

It is, then, apparent that the form of the introductory part of this bill must have been copied, either from this rule of the supreme court, or from Curtis' Equity Precedents, in both of which the form is in exactly the same language, word for word. I intimated to counsel, upon

the argument, that I was confident that the supreme court had ruled directly upon the point here involved, and such proves to be the fact. The decision which I had in my mind was in the case of *Jones* v. *Andrews*, 10 Wall. 327. In the statement of the case (page 329) appears the following:

"The suit was entitled at the beginning, *Stephen M. Jones, citizen and resident of Richmond county, Georgia*, v. *Joseph Andrews, citizen and resident of city and county and state of New York; P. Reed and W. H. Bryson, both citizens and residents of Shelby county, Tennessee.*"

That appears in the title or caption only, and not in any part of the body of the bill. Then in the prayer of the bill appeared this language:

"The premises considered, complainant prays that Joseph Andrews, a resident and citizen of the city, county, and state of New York"—

Which is the form of expression adopted in the bill in the case under consideration—not "*who is* a citizen;" and this appears in the *prayer* of the bill in the case cited, and not in the body of the bill, either in the introductory part or elsewhere, where one would look for a traversable allegation. Yet the supreme court held it to be a sufficient averment of the citizenship of the party to give the circuit court jurisdiction of the suit. Mr. Justice BRADLEY, delivering the opinion of the court, says:

"On the question of jurisdiction over the parties, the appellees contend (1) that the citizenship of the parties was not sufficiently alleged in the bill. * * * Although the allegation of citizenship is not made in precise and technical form, we consider it sufficiently explicit to sustain the jurisdiction of the court, if the citizenship disclosed by the allegation does not displace that jurisdiction. It is more explicit than the allegation in the case of *Express Co.* v. *Kountze Bros.* 8 Wall. 342, which was sustained by the court. All that is necessary is that it fairly appear by the bill of what states the respective parties are citizens. In this case, the form of the allegation leaves no room for reasonable doubt."

The prayer of the bill in the case cited names the defendants Reed and Bryson, "both of whom were residents [not citizens] of Shelby county, in the state of Tennessee," while the other respondent is referred to, as above stated, as "Joseph Andrews, a resident and citizen [not "*who is* a resident and citizen"] of the city, county, and state of New York," in precisely the same form adopted in the introductory part of the bill in this case. The omission of the words "who is," which would make an explicit allegation, is simply one of those ellipses which are so common to, and admissible in, the English language. Any ordinary person, possessing a fair understanding of the language, upon reading the statement, "William Sharon, of the city of Virginia, state of Nevada, *and* a citizen of the state of Nevada, brings this, his bill," etc., would understand it to be an averment that William Sharon *is* a citizen of the state of Nevada. It is a common form of expression, and no one could be misled as to the fact that this was intended to be stated; and the supreme court, in the case cited, has held it to

be a sufficiently explicit averment of the fact of citizenship, even where the expression appears in the prayer only, and not in any portion of the body of the bill.

The objection to the jurisdiction is therefore overruled.