### BOTTOM v. NATIONAL RY. BUILDING & LOAN ASS'N.

### STANCLIFF v. HENDRICKS et al.

(Circuit Court, N. D. Georgia. October 23, 1901.)

No. 1,117.

1. JURISDICTION OF FEDERAL COURT—ANCILLARY SUIT BY RECEIVER—NONRESIDENCE OF DEFENDANTS.

A Circuit Court of the United States, which has appointed a receiver for an insolvent building and loan association in a suit to wind up its affairs, has jurisdiction of a suit brought by him to collect from a borrowing stockholder and to foreclose a mortgage securing the loan, regardless of the citizenship or residence of the defendants, or the fact that the mortgaged property is situated in another district.

2. SAME—WAIVER OF OBJECTION—PLEADING TO MERITS.

The filing of a demurrer to a bill for want of equity is a waiver of an objection to the jurisdiction of the court based on the nonresidence of the defendant in the district.

In Equity. On demurrer to ancillary bill by receiver.

King & Anderson and Lewis Thomas, for receiver.

Dessau, Harris & Lome, for defendants.

PARDEE, Circuit Judge. The first above entitled case is a suit in equity brought by a citizen of the state of Alabama against the National Railway Building & Loan Association, a corporation of the state of Georgia, for the purpose of liquidating and winding up the affairs of the said building and loan association, adjusting the equities between stockholders, and distributing the assets; and in which suit the association has been adjudged insolvent, a receiver appointed, and the said receiver has been directed to sue for and collect the full amounts of debts due from borrowing stockholders. The second entitled case is an ancillary suit to the main case, and filed by the receiver, under the general direction of the court, to recover from certain borrowing stockholders certain amounts due on a loan made them by the association, and, incidentally thereto, to foreclose the deed of trust on certain real estate situated in the Southern District of Georgia, and

¶ 1. Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.

Suits by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.

given to secure said loan; and in which ancillary suit the defendant stockholders reside in and are citizens of the Southern District of Georgia.

The defendants in the ancillary bill, after service of subpœna, entered an appearance therein for the sole purpose of demurring and pleading to the jurisdiction of the court, and now have demurred to the ancillary bill on four different grounds, as follows: First, want of equity; second, want of jurisdiction on the ground that the plaintiff receiver and the corporation for which he is receiver and the defendants are, all of them, citizens of the state of Georgia; third, because the defendants are in fact residents of the Southern District of Georgia, and the only United States court having jurisdiction is the Circuit Court of the United States for the Western Division of the Southern District of Georgia; and, fourth, because the suit is one brought for the purpose of foreclosing a lien upon real estate located in the Western Division of the Southern District of Georgia, and of such suit for foreclosure this court is without jurisdiction.

The first ground—want of equity in the ancillary bill—is not well taken, and is not relied upon either in oral argument or in the briefs.

The second and third grounds of demurrer are answered by the opinion of the Supreme Court in White v. Ewing, 159 U. S. 36, 39, 15 Sup. Ct. 1018, 40 L. Ed. 67, wherein it is declared that, where the Circuit Court has jurisdiction over the parties to a suit for the winding up of a corporation, and in which suit a receiver is appointed, "any suit by or against said receiver in the course of winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the Circuit Court, regardless either of the citizenship of the parties or of the amount in controversy"; citing Freeman v. Howe, 24 How. 450, 460, 16 L. Ed. 749; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Dewey v. West Fairmount Gas Coal Company, 123 U. S. 329, 8 Sup. Ct. 148, 31 L. Ed. 179; In re Tyler, 149 U. S. 164, 181, 13 Sup. Ct. 785, 37 L. Ed. 689; Root v. Woolworth, 150 U. S. 401, 413, 14 Sup. Ct. 136, 37 L. Ed. 1123; Rouse v. Letcher, 156 U. S. 47, 49, 15 Sup. Ct. 266, 39 L. Ed. 341. The question certified in White v. Ewing assumes that the court had jurisdiction in the ancillary suit irrespective of citizenship and residence of the parties, and inquired only as to the jurisdiction in regard to the amount necessary to be demanded of each defendant. It is now claimed that, as the question certified did not ask as to the jurisdiction of the Circuit Court on the ground of citizenship, the positive declaration of the Supreme Court above referred to is obiter, and not binding. And it is further claimed that the said decision conflicts with Gableman v. Peoria, Decatur & Evansville R. R. Co., 179 U. S. 335, 21 Sup. Ct. 171, 45 L. Ed. 220, in which the question certified was whether the receiver appointed in a chancery suit in the United States Circuit Court, when sued in the state court on a cause of action arising against him as receiver, could remove the suit into the United States court because it was a suit arising under the law of the United States, and wherein the court decided that a receiver in such case was not an officer of the United States in any such sense as entitled him on that

·ground alone to remove the case to the United States court. Besides noting that in Gableman v. Peoria, etc., R. R. Co., the case of White v. Ewing was not referred to, and therefore can hardly be said to be overruled thereby, it is only necessary to say that I see no conflict whatever between the two cases, as they arose on different grounds, and were decided on different lines. The case of White v. Ewing is well considered and reasoned, and, if not controlling as authority, it is too persuasive to be disregarded.

So far as the jurisdiction of the court ratione personæ is concerned in this case, the fact that the defendants entered an appearance for the ·sole purpose of demurring and pleading to the jurisdiction of the court is of little weight, because, in· the first place, I think, under the authority of White v. Ewing, the court has full jurisdiction, notwithstanding the citizenship of the defendants; and because, after entering such limited appearance, the defendants demurred to the bill for want ·of equity, which, on the authority of Jones v. Andrews, 10 Wall. 327, 19 L. Ed. 935, is a waiver of all objections to the jurisdiction based on failure of service and noncitizenship in the district where the suit is brought.

The last ground of demurrer is based upon the fact that the real estate on which the deed of trust bears is situated, not in the Northern District of Georgia, but in the Southern District of Georgia, and on that ground it is urged that the court is without jurisdiction to fore- ·close the lien thereon. The answer to this is that equity deals mainly with persons, and it is not to be assumed that, having jurisdiction of the parties, any difficulty· will arise in adjusting and decreeing equity ·between them.

The demurrer will be overruled, and the defendant will be given until the January rules to plead or answer.