### In re WAUKESHA WATER CO.

(District Court, E. D. Wisconsin. June 17, 1902.)

1. BANKRUPTCY—JURISDICTION OF BANKRUPTCY COURT—PROCEEDINGS AGAINST THIRD PERSONS.

A court of bankruptcy has jurisdiction to cite a third person to show cause why he should not be required to surrender for cancellation an instrument purporting to convey property of the bankrupt which it is alleged by the trustee was never delivered or became effective, and to

determine upon the answer of the person so cited whether it has final jurisdiction to adjudicate the matters in issue.

**2.** SAME—SERVICE OF PROCESS OUTSIDE OF DISTRICT.

Bankr. Act 1898 confers no power on a court of bankruptcy to summon before it by a rule to show cause third persons who are not parties to the record and who reside without the district and state, and are there served with the order, and under the general rules of law governing the federal courts, in the absence of express authority, such service is ineffectual to confer jurisdiction in personam.

In Bankruptcy.

On petition by the trustee for a rule upon Waukesha Hygeia Ice Company and John Mayo Palmer to show cause why certain instruments in the possession of the latter, including one purporting to convey to the former certain property of the bankrupt, now held by the trustee in bankruptcy, should not be surrendered for cancellation. The transaction referred to is alleged to be unauthorized and unexecuted, and the deed and other papers thereupon deposited with Mr. Palmer, without delivery or record, for purposes unperformed, and under no valid contract of sale or other obligation, but so outstanding, may constitute a cloud upon the title held by the trustee. Both parties named as respondent are residents of Illinois, and were there served with an order to show cause, and both enter a special appearance, with a plea to the jurisdiction over the subject-matter and in personam.

Merton, Ryan & Newbury, for trustee.

A. J. Dopp, opposed.

SEAMAN, District Judge. Jurisdiction of the subject-matter is undoubted under the recent decision in Mueller v. Nugent, 22 Sup. Ct. 269, 46 L. Ed. 405, 7 Am. Bankr. R. 224; and, if adverse claim to the property were asserted by the respondents, the court must ascertain whether it is of that character, and so takes cognizance to that extent at least. It determines for itself whether final jurisdiction exists.

The question raised, however, of jurisdiction to act in personam upon these respondents, who reside in another state and district, and are there served with the order to show cause in this matter, is not met by that decision, nor is such service authorized by any express provision of the bankruptcy act or ruling thereunder called to my attention. In the absence of statutory authority for the process of the court to run beyond the territorial limits of the district, the doctrine is well settled that no jurisdiction exists to that end. As stated in the early and leading case of Toland v. Sprague, 12 Pet. 300, 328, 9 L. Ed. 1093, 1105: "Whatever may be the extent of the jurisdiction over the subject-matter of the suit, in respect to persons and property, it can only be exercised within the limits of the district. Congress might have authorized civil process from any circuit court to have run into any state in the Union. It has not done so," except in the case of a subpœna for witnesses. It was thereupon held that service of its process cannot be made without the district. See, also, ex parte Graham, 3 Wash. C. C. 456, Fed. Cas. No. 5,657, and cases noted; Picquet v. Swan, 5 Mason, 35, Fed. Cas. No. 11,134; 1 Fost. Fed. Prac. (3d Ed.) § 96; 1 Desty, Fed. Proc. (9th Ed.) p. 412. An important exception to this rule was upheld by Mr. Justice Story in Dunlap v. Stetson, 4 Mason, 349, Fed. Cas. No. 4,164, in the case of a bill filed to enjoin the enforcement of a judgment at law in favor of a

nonresident plaintiff, entered in the same court, and jurisdiction was sustained under a service without the district upon the ground that the suit was "auxiliary and dependent," not original, and of necessity must be so cognizable by the court which rendered the judgment. In Jones v. Andrews, 10 Wall. 327, 19 L. Ed. 935, and Webb v. Barnwall, 116 U. S. 193, 6 Sup. Ct. 350, 29 L. Ed. 595, the general doctrine of Dunlap v. Stetson was approved, but the question of service beyond the limits of the district was not so raised in either of the last-mentioned cases as to call for decision. By subsequent statute, however, such service is authorized in certain equitable actions in the circuit court relating to property within the district, including one to remove a cloud upon the title (1 Supp. Rev. St. [2d Ed.] c. 137, § 8; 1 Desty, Fed. Proc. [9th Ed.] § 25); but its provisions are applied in terms to such suits only "commenced in any circuit court of the United States," and are not applicable to this proceeding in the district court, unless adopted by some provision of the bankruptcy act. The further provision requiring actions to be brought in the district where the defendant resides (1 Supp. Rev. St. [2d Ed.] c. 866, § 1) is applicable only to original suits, and not to the present proceeding, within the distinction approved by the authorities cited.

Is authority conferred by implication in the terms of the bankruptcy act to thus summon parties who are without the limits of the district? The parties against whom relief is sought by the petition have neither appeared in the bankruptcy proceedings, nor are they presented as creditors of the bankrupt, who are by the act made parties to the proceeding and cited by publication and notice through the mails, but are summoned as strangers to the record, and appear only, in response to the rule to show cause, to object to the jurisdiction. By section 2 of the act, courts of bankruptcy "within their respective territorial limits" are invested "with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings," and those proceedings are in equity. The jurisdiction thus given is that adopted by the constitution from the English high court of chancery, as administered generally by the federal courts, and I am of opinion that the terms of the present act do not adopt or include the power conferred upon circuit courts by the above-mentioned statute to summon parties from without the district in the special cases there authorized. Finding no authority for the order and service in question, the objection for want of jurisdiction over the respondents must be sustained. See Coll. Bankr. (3d Ed.) 15; Loveland, Bankr. 66.

The rule to show cause in the matter of the petition is discharged, and, without intervention by one or the other of the respondents named therein, no consideration of the transaction set up in the petition is called for, though it may well be remarked that it cannot affect the title of the trustee, if the contract was not completely executed or the circumstances are correctly stated in the petition.