### SANDERSON v. BISHOP et al.

(Circuit Court, W. D. Arkansas, Texarkana Division. May 18, 1909.)

APPEARANCE (§ 9*)—WHAT CONSTITUTES—FILING ANSWER TO MERITS.

The filing of an answer to a bill on the merits by a defendant who was a nonresident and was not served with process constituted a general appearance, and was a waiver of a pending special plea to set aside a prior appearance of such defendant by an attorney as unauthorized.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 45; Dec. Dig. § 9.*]

In Equity. On special plea.

On the 12th of June, 1908, the plaintiff filed a suit at law, in the circuit court of Little River county, Ark., against the above-named defendants, and procured an attachment against certain lands, the alleged property of the defendant Bishop. The defendants being nonresidents, and no service being had, a warning order was issued. On July 6, 1908, and before either defendant appeared, an amendment to the complaint was filed, and under the state Code of Procedure the case was transferred to the equity docket. On July 11, 1908, L. A. Byrne, an attorney of this court, filed a petition for both defendants in the Little River circuit court, and tendered therewith a bond for the removal of the case to this court, and the order was made by the Little River

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

circuit court, and the case removed accordingly. Afterwards, on November 16. 1908, a demurrer was filed by said Byrne for both defendants, which was heard and overruled, and on the application of plaintiff a receiver was appointed to take charge of all the lands which are the subject-matter of the controversy. Meantime, the bill had been recast to conform to the practice of this court. Subsequently, and in vacation, on January 2, 1909, defendant Bishop filed his separate answer, and on the same day defendant Jacob L. Neff appeared specially by Henry Moore, Jr., and, without leave first obtained, filed what is denominated a "special plea," by which he prays to strike his name from the motion to transfer the case to this court, and from the demurrer filed at the November term, 1908, for the reason that he alleges the said Byrne had no authority to represent him in any of the proceedings theretofore had, or to sign his name to any papers or proceedings in this or the state court from which the case was removed, and everything done by the said Byrne was without his knowledge, consent, or authority, and that all he had done was done in the interest of his codefendant and against his interest. Evidence was heard pro and con on the special plea, and, among other things, it developed that two days after the special plea was filed the defendant Jacob L. Neff, by his attorney, filed answer to the merits of the bill, purporting to reserve therein all his rights, and waiving nothing contained in said special plea by reason of filing the said answer. Thereupon the plaintiff filed a replication to the answer.

W. H. Arnold and M. E. Sanderson, for plaintiff.
Henry Moore, Jr., for defendant Neff.

ROGERS, District Judge (after stating the facts as above). In the argument counsel for defendant Neff urged the answer was filed before the "special plea" was heard, because, as they supposed, a decree pro confesso could be taken against his client in the absence of an answer. He seems to have overlooked rules 19, 33 and 34 of the Supreme Court of the United States, which clearly indicate the practice. But if a decree pro confesso was proper at all under the condition of the pleading when the answer was filed, it would have been set aside if taken before the hearing of the special plea, certainly on presentation of a meritorious defense. I think the filing of an answer to the merits, notwithstanding the hearing of the special plea had not been disposed of, was a waiver of all irregularities in the service, indeed a waiver of service itself, and put the defendant Neff in court, if indeed he was not already there, which I do not find it necessary to determine. Under the strict practice of the English chancery courts it might be contended with much force that the special plea itself was a general appearance, but there is no necessity for determining that question now. The correct practice, I think, is laid down by Judge Hammond in Romaine et al. v. Union Insurance Co. et al. (C. C.) 28 Fed. 625 (an equity case), where it is practically held that leave should be first had from the court to appear especially and file motion to quash service where it is for any cause irregular. This was the practice observed in Union Guarantee, etc., Co. v. Craddock, 59 Ark. 595, 28 S. W. 424 (near bottom of page). But this question is not decided, and perhaps under the modern practice a special appearance might be had (certainly in common-law cases under codes like that of Arkansas) without first obtaining leave from the court. In this case, however, there was no service, but appearance by attorney, who, it is alleged, had no authority to appear. I do not think that question should be

raised by a plea. A plea goes to the bill; not to the service or to the appearance. In this case it is probable the correct practice was that a special appearance should have been first had, and a rule made on the attorney to show by what authority he acted. In that way the matter could have been brought to the attention of the court with safety and expedition. But this is not decided, because, in the view the court has taken, it is not necessary. A careful reading of the case of Union Guarantee, etc., Co. v. Craddock, 59 Ark. 593, 28 S. W. 424, will show that the practice in equity in the United States courts is not controlled by the principles applicable to the procedure under the codes where all pleas are abolished and every defense, whether in abatement or bar, must be set up in the answer. They are applicable to a case at law in the United States court, because by section 914, Rev. St. (U. S. Comp. St. 1901, p. 684), the practice, pleadings, and mode of procedure, so far as applicable, have been made to conform to those obtaining in the states where the United States courts are being held. Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Fitzgerald & Mallory Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608; St. L. & S. F. Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659. But the rule in equity is different. What attitude would this case be in if the court should now hold that Byrne had no authority to appear, and all his doings were stricken from the record and annulled? The defendant indeed would still be in court by his answer, which goes to the merits of the bill. Jones v. Andrews, 10 Wall. 327, 19 L. Ed. 935, is an equity case. There the defendant, upon whom no personal service had been obtained, appeared and filed the following motion:

"Comes and moves the court here to dismiss the bill of the plaintiff for want of jurisdiction apparent on the face of it, and for causes for such motion showed (among others): (1) The bill does not aver the citizenship of the plaintiff, nor does it show such facts in regard to the citizenship or residence of the defendant as gives the court jurisdiction. (2) The plaintiff shows by his bill that he has an adequate remedy at law."

Judge Bradley, whose learning adorned every subject he touched, said this:

"In this case Andrews was a necessary party, and he was not a resident of the district, and was not served with process, but he did voluntarily appear. It is true that as soon as he appeared he moved a dismissal of the bill on two grounds: (1) That it did not show such facts in regard to the citizenship or residence of the defendants as to give the court jurisdiction. (2) That it contained no equity. Whether, if he had made the motion on the first ground alone, he would have waived his personal exemption, it is not necessary to decide. His moving to dismiss for want of equity was clearly a waiver; and he was properly required to answer the bill."

That cause differs from this, it is true, in this: that the same motion which went to the jurisdiction went also to the merits. In this case the answer was not filed until two days after the "special plea." The plea was intended to get rid of an unauthorized appearance, and the answer was itself an appearance. They were absolutely inconsistent, and the answer destroyed the plea; it waived all questions of

irregularity or unauthorized appearance, and was itself an appearance, and falls clearly within the principles announced in Jones v. Andrews, supra. (Romaine v. Insurance Co. [C. C.] 28 Fed. 625, may he read with much profit.) After the filing of the answer, there was no necessity for the plaintiff to set down the plea for hearing, or to take issue upon it under rule 33. The plea itself was necessarily waived. If the plea had been heard and overruled, rule 34 expressly provides for an answer.

. The conclusion is that the special plea must be overruled, and it is so ordered.