### AMERICAN GASOLINE CORPORATION v. COMMERCE TRUST CO. et al.

Circuit Court of Appeals, Eighth Circuit.
June 10, 1927.

No. 7600.

1. **Courts** ⊗〰344(10)—Subpœna defective in form held not void, but amendable under equity rule 12.

That the subpœna served on defendant fixed the date for answer before the expiration of 20 days, and was thus in conflict with the memorandum at the bottom required by equity rule 12, did not render it void, but it gave the court jurisdiction and was amendable.

2. **Equity** ⊗〰125—Objection to subpœna is waived by general appearance and prayer for affirmative relief.

General appearance by filing motion seeking affirmative relief is waiver of objection to form or service of subpœna.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Suit in equity by the Commerce Trust Company and others against the American Gasoline Corporation. Decree for complainants, and defendant appeals. Affirmed.

C. W. German, of Kansas City, Mo. (S. J. McWilliams and German, Hull & German, all of Kansas City, Mo., on the brief), for appellant.

Leland Hazard, of Kansas City, Mo. (Arthur Miller, of Kansas City, Mo., on the brief), for appellees.

Before LEWIS and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge. This is an appeal from a decree of foreclosure of a mortgage on a leasehold estate given to the Commerce Trust Company, as trustee, in January, 1922, by appellant to secure its indebtedness of $225,000 and accruing interest, evidenced by its mortgage bonds. There was an oil refining plant on the leased premises. Appellant held the leasehold estate by assignment from the lessee and owned the lease and plant subject to the mortgage. It is an Illinois corporation. Its contention here is that the court did not acquire jurisdiction over it. It and its president, Charles H. Apple, were first sued in the State court by judgment creditors and holders of its mortgage bonds. They alleged that the refining plant was not then in operation, that defendant (appellant here) had defaulted in complying with the lease of the premises on which its plant was located, that the lessor was threatening to cancel the lease, that Apple claimed to be the owner of the entire capital stock of the company and in fact dominated and controlled it, that the property was deteriorating in value and being wasted, that the company was indebted in large amounts in addition to its mortgage indebtedness, that it was insolvent, that some of the plaintiffs had recovered judgments against it which had been returned unsatisfied, and they prayed for the appointment of a receiver. The State court appointed a receiver and defendant (appellant here) then removed that case to the Federal court, where it was docketed as Cause No. 594, on March 9, 1925. Several parties joined as plaintiffs in that case, and in addition to making Apple and the appellant here defendants they also joined as a defendant American Gasoline Corporation of Missouri, and alleged that Apple caused the Missouri corporation to be organized and that he intended to use that company in some way in connection with the refining plant, for the purpose of defrauding and delaying the creditors of the Illinois corporation, appellant here, which held the lease.

On April 3d Commerce Trust Company of Kansas City, Mo., applied to the court in the removed case for leave to file its bill of foreclosure of said mortgage which was granted, and on the next day it filed its independent suit in the court below for foreclosure, docketed as Cause No. 600, joining with appellant as defendant two other non-resident corporations, to wit, North American Oil & Refining Corporation and the Bank of America, alleging that they claimed some interest in the lease and refining plant. It further alleged that the mortgaged property was insufficient to pay the mortgage debt, that it had not been kept in repair, that appellant here had failed to pay taxes and rental under the lease, which had become liens on the plant, that it had suffered judgments to be entered against it and they remained unpaid, that on account of failure to pay interest on the mortgage indebtedness the principal sum of $225,000 had also become due according to the terms of the mortgage, and

it prayed for foreclosure, for sale of the property and for a receiver pendente lite. On May 7, 1925, the court overruled a motion to remand Cause No. 594, consolidated that suit with Cause No. 600, accepted the resignation of the receiver who had been appointed by the State court in that cause, and appointed the Commerce Trust Co. as receiver. The lessor of the premises then intervened and set up its claim against appellant for unpaid rent and taxes, which the lessee had agreed to pay, all amounting to approximately $16,000. The lessor exhibited the lease with its petition in intervention, which contained provisions for re-entry on failure to pay rental and gave to the lessor a right to hold the improvements therefor, and it prayed that its claim be adjudged a lien prior in right to all others.

[1] On July 31, 1925, the Bank of America applied to the court for leave to bring suit in the State court at Kansas City for the purpose of having therein settled the rights of all parties claiming liens on the property. It represented that suits had been brought in that court by lien claimants, it alleged that it was the owner of $75,000 of the bonds secured by the mortgage given to the Commerce Trust Company by appellant, that it also held $187,000 in notes of Apple secured by a mortgage on the plant and equipment located on the leased premises, prior in date to the mortgage given to Commerce Trust Company. In August, 1925, the court granted the Bank of America leave to institute such a suit and it brought that suit. In August, 1925, a proposal to lease the refining plant from Commerce Trust Company, receiver, came on for hearing before the court. Appellant appeared at that hearing by its counsel. The court, after considering the proposal, declined to authorize its receiver to execute the lease and ordered that all parties to the cause file their answers to the bill of complaint of Commerce Trust Company within ten days thereafter. Appellant failed to comply with the order of the court to answer, so on September 19, 1925, a subpoena issued directed to appellant, commanding it to appear and answer the bill of complaint of Commerce Trust Company on October 4, 1925. At the bottom of the subpoena there was the memorandum required by the Twelfth Equity Rule, that defendant should file answer or other defense on or before the twentieth day after service, otherwise the bill would be taken pro confesso. In the body of the subpoena appellant was commanded to answer the bill on October 4, 1925; it was thus in conflict with the memorandum. This subpoena was served on Charles H. Apple as president of the American Gasoline Corporation, at his office, 816 Lee Building, Kansas City, Missouri, on September 21, 1925. On October 1, 1925, appellant filed its motion, wherein it sought an order discharging the receiver and a return of the property involved to it. The motion, among other things, set up the discrepancy in the subpoena and asserted that appellant had not been brought into the case, and the court was without jurisdiction over it. We will later give further consideration to that motion. Thereupon, on October 1, 1925, an alias subpoena was issued directed to appellant, commanding it to appear and answer the bill on October 21st. It contained the memorandum required by the Equity Rule. This subpoena was served on appellant by the Marshal on October 1, 1925, the day of its issue, by handing copy thereof to Charles H. Apple, president of American Gasoline Corporation at his office, 816 Lee Building, Kansas City. On October 21, 1925, appellant by motion challenged the validity of the service of the alias subpoena and on November 28, 1925, it filed an amendment to that motion. That motion was overruled, and on March 24, 1926, following, the court entered an order pro confesso against appellant, and its foreclosure decree and sale of the property was made on May 15, 1926.

We think there can be no doubt that the court acquired jurisdiction of appellant by process. The first subpoena was not a void writ, nor the service invalid. The discrepancy between the memorandum and the body of the subpoena was a defect of form and the court could have directed its amendment under R. S. § 954, Equity Rule 19, and given appellant twenty days within which to answer after service. But when it was challenged, rather than amend it an alias was issued. It was served on October 1st, and the defendant was required to answer within twenty days thereafter. It failed to do so and the order pro confesso was appropriately entered. Appellant's attitude has been wholly obstructive. It never sought additional time in which to plead or answer. It never indicated that it desired to answer. It never claimed that it had any defense to the bill nor that it was solvent. The record shows that it was hopelessly insolvent.

[2] Let us return to the motions attacking the two subpoenas, and the service of them. Simkins Federal Practice (Revised Edition) p. 600, states the rule thus:

"The motion to quash the writ or service, whatever the cause, should go no farther than raise the special objection to the form of the

writ, or the irregularity of the service, for any affirmative matter raising an issue on the merits would waive the irregularity of service."

In appellant's motion to discharge Commerce Trust Company as receiver and for an order directing the return of the property to it, the entire litigation in the three cases, Cause No. 594, Cause No. 600, and the suit brought by the Bank of America are brought under review. It is alleged that in the action brought by the Bank of America in the State court American Gasoline Corporation and Charles H. Apple were, among others, made parties defendant, that issues had been joined in that cause and partially tried, that all matters in controversy in this cause were put in controversy in that cause and that the function of the receiver appointed in this cause had terminated, that in fact there was no occasion for the appointment of receiver in this cause and the order of appointment was inadvertent, that appellant was preserving and conserving its property for the benefit of those who might be decreed to be entitled to it, that defendant (this appellant) is ready, able and willing to take over said property and assets if the receiver be discharged, and to protect, preserve and operate the same or permit others to do so, to the end that its property and assets may be saved to it and its creditors paid, that the court could make no order directing the sale of the property until final decree should be entered in the action brought by the Bank of America in the State court, as authorized by the Federal court, and that until that decree determines all rights of all the parties the defendant (appellant here) should be permitted to retain possession of its property and assets and to operate and use them so as to profit thereby, that Commerce Trust Company has, tacitly, at least, admitted the priorities claimed by the Bank of America in its suit and thereby Commerce Trust Company has thus admitted allegations of its bill in this suit to be untrue, in that the lien of the mortgage given to it is inferior to the lien of the mortgage under which the Bank of America claims. The motion does point out appellant's objections to the subpœna issued September 19th. The motion prays that the court order a discharge of the receiver and the return of the property to appellant, and "for such further orders in the premises as to the court may seem proper." This motion was filed October 1st, and we have no doubt that it constituted a general appearance of appellant in the cause. It was not confined to the subject of jurisdiction over the person.

It sought affirmative relief, both special and general, and appellant thereby submitted itself to the jurisdiction of the court. See Jones v. Andrews, 10 Wall. 327, 19 L. Ed. 935, and cases cited by Simkins. The motion and the amendment thereto attacking the validity and service of the alias subpœna are likewise not confined to that subject. The litigation is again reviewed. The prayer, in addition to asking that the subpœna and the service thereof be declared a nullity, further prayed that the Commerce Trust Company be not permitted to maintain and prosecute its suit and that defendant be not required to plead, answer or defend in any manner or form the said action so attempted to be maintained by the plaintiff. The claimed invalidity of the alias subpœna and its service are briefly pointed out. This was another general appearance. The motion and the amendment stated that Apple did not represent the defendant in an official capacity at the time the alias subpœna was served on him so that legal service could be made, nor did the defendant have and maintain an office or agent within the State. But we observe that shortly after the decree, Apple signed the name of appellant to the appeal bond by himself as its president. It seems clear from the record that he dominated the company, he owned it and controlled it, he was insisting in its name that the property be turned back to the company, it spoke through him; and he ought to know that a litigant cannot blow hot and cold in a court of conscience. There is no merit in this appeal.

Affirmed.