## DRINKWATER v. DRINKWATER.

### Civ. A. No. 2264.

United States District Court
District of Columbia.

March 3, 1953.

560

Joseph D. Di Leo, of Washington, D. C., for plaintiff.

Melville W. Feldman, of Washington, D. C., for defendant.

CHARLES F. McLAUGHLIN, District Judge.

This is an action for an absolute divorce on the ground of desertion brought by Eula M. Drinkwater against her husband, Thomas R. Drinkwater. The husband's answer denied his wife's charges and interposed as a defense a divorce decree *a vinculo* of the Circuit Court, Seventh Judicial Circuit, of the State of Florida, rendered in his favor approximately fifteen months prior to the filing of the instant suit.

At the present trial, upon the introduction of photostatic copies of the pleadings of the Florida divorce suit, the wife denied that the signature in her name on the pleading captioned "Answer", filed in the Florida action, was in fact her signature. Expert handwriting testimony was presented to rebut her denial. Defendant introduced evidence to the effect that the said Answer had been executed by the wife some three months prior to the filing of the complaint for divorce in the Florida Court by the husband. It is thus undisputed that if the wife signed said answer, she did so three months before the complaint was filed.

Assuming arguendo the validity of the wife's signature on the Answer filed in the Florida proceeding the issue immediately presented is the effectiveness of said Answer as an entry of appearance so as to estop the wife from collaterally challenging the Florida decree in the present proceeding. As an argument against the effectiveness of said Answer it is asserted that no valid appearance can be entered by a defendant in an action at a time prior to the time when said action is instituted by the filing of a complaint. Defendant further contends that since the record does not contain any evidence of constructive or personal service of process on the wife, the Florida Court was without jurisdiction to render the divorce decree, and that its judgment would not be entitled to recognition under the full faith and credit clause of the Constitution,[1] since it is well settled that if a divorce decree is to be accorded full faith and credit in the courts of a sister state, it is necessary that the

court granting the decree have proper jurisdiction over the divorce proceedings. Williams v. State of North Carolina (II), 1945, 325 U.S. 226, 65 S.Ct. 1092, 89 L. Ed. 1577; Esenwein v. Com. of Pennsylvania, 1945, 325 U.S. 279, 65 S.Ct. 1118, 89 L.Ed. 1608; Johnson v. Muelberger, 1951, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552.

■ The precise point involved here appears to be a novel one in this jurisdiction and no authority has been submitted to the Court directly supporting the position taken by either side. Counsel for the wife attacks the validity of the Florida decree because of the absence of a showing of service of process, constructive or otherwise, upon the wife. However, that the burden of undermining this decree "rests heavily" upon the wife was equally settled by Williams v. State of North Carolina (II), supra, and Esenwein v. Com. of Pennsylvania, supra. The judgment presumes jurisdiction over the persons and over the subject matter. This principle was recognized by Justice Stone when he stated: "If it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." Adam v. Saenger, 1938, 303 U.S. 59, 62, 58 S.Ct. 454, 456, 82 L.Ed. 649. See also Titus v. Wallick, 1939, 306 U.S. 282, 287, 59 S.Ct. 557, 83 L.Ed. 653. Cook v. Cook, 1951, 342 U.S. 126, 128, 72 S.Ct. 157, 96 L.Ed. 146.

■■ The wife's denial that she signed any of the papers on file in the Florida proceeding is not supported by the evidence at the trial. The Court finds that the alleged signatures of the wife on the certified copy of the proceedings in the Florida Court have been proved by expert testimony to be the signatures of the present plaintiff. Consequently, the Court holds that if the filing of the Answer in the Florida case, in the circumstances, constitutes a valid entry of an appearance therein, then the wife is estopped to attack the

Florida decree on the ground of lack of jurisdiction because of failure of the defendant to enter an appearance.

As a result of its study of analogous situations, such as a written appearance prepared prior to the filing of the complaint, or a waiver of service executed before the filing of the complaint, the Court has concluded that ordinarily it is not the preparation or execution of pleadings which give such papers validity but rather the actual filing of these papers with the Clerk of the Court. Consequently, Courts generally take cognizance of the times papers involved in litigation are filed, rather than of the dates of their execution. See collection of cases 159 A.L.R. 111.

In Gilbert v. Burnstine, 1931, 255 N.Y. 348, 174 N.E. 706, 707, 73 A.L.R. 1453, the following quotation was taken from Scott on Fundamentals of Procedure: "Jurisdiction over the person of the defendant may be acquired by his consent. This consent may be given either before or after action has been brought. Jurisdiction is conferred when the defendant enters a general appearance in an action * * *. A stipulation waiving service has the same effect. * * * The defendant in all these cases has submitted to the control of the state and of the court over him." To the same effect is Withers v. Starace, D.C. 1938, 22 F.Supp. 773.

■ Pleading or answering to the merits is always considered a general appearance. 3 Am.Juris., Appearances, 16, p. 791. In 1873 the Supreme Court, in Eldred v. Michigan Insurance Bank, 17 Wall 545, 84 U.S. 545, 21 L.Ed. 685, held that the filing of a plea (answer) to the merits was both an appearance and a defense so that when the defendant afterward by leave of the court withdrew his plea, it did not withdraw his appearance and he was still in court so as to be bound personally by a judgment rendered against him in the action. In Sanderson v. Bishop, C.C.1909, 171 F. 769, it was held that the filing of an answer to a bill on the merits by a defendant who was a nonresident and who was not served with process constituted a gen-

---

1. U.S.Constitution Art. IV, § 1.

562

eral appearance, and was a waiver of a pending special plea to set aside a prior appearance of the defendant by an attorney as unauthorized.

In Davis v. Davis, 1938, 305 U.S. 32, 59 S.Ct. 3, 6, 83 L.Ed. 26, a divorce decree *a vinculo* was granted by a Virginia Court to a husband who had acquired a local domicile there after he had obtained a divorce *a mensa* in the District of Columbia. The Supreme Court, in holding that the constitutional provision of the full faith and credit clause meant "not some but full credit", ruled that the marital domicile acquired in Virginia must be given effect in the District of Columbia, and that the wife, who had entered her appearance in the Virginia Court, was bound by the Court's determination of jurisdiction.

More recently, in Sherrer v. Sherrer, 1948, 334 U.S. 343, 68 S.Ct. 1087, 1091, 92 L.Ed. 1429, the State of Massachusetts refused to recognize a Florida divorce decree, wherein both parties had appeared personally or by counsel, on the ground that both parties lacked a valid Florida domicile. The Supreme Court reversed stating:

> "We believe that the decision of this Court in the Davis case and those in related situations are clearly indicative of the result to be reached here. Those cases stand for the proposition that the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree."

Applying the foregoing principles to the instant case, it is clear that the wife's attack on the Florida judgment is barred by the Full Faith and Credit Clause of the Constitution. The judgment is res judicata between the parties and is unassailable collaterally. Sutton v. Leib, 1952, 342 U.S. 402, 72 S.Ct. 398, 96 L.Ed. 448; Johnson v. Muelberger, supra.

In the case of Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 78, 60 S.Ct. 44, 51, 84 L.Ed. 85, the Supreme Court made the following observation which seems peculiarly pertinent: "One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well to jurisdiction of the subject matter as of the parties."

The complaint will be dismissed upon submission of an appropriate order.

